## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**PARKWAY TERRACE APTS LLC**                    **PLAINTIFF**

**V.**                    **NO: 1:22CV24-GHD-DAS**

**ANEECE TALLEY**                    **DEFENDANT**

### ORDER GRANTING MOTION TO REMAND

This case was removed to this Court on February 10, 2022. On August 1, 2022, Plaintiff filed a motion to remand to state court [13]. Defendant has not responded to the present motion to remand. Further, since removal of this case, Defendant has expressed no desire or attempt to facilitate this litigation as the Defendant has failed to appear at multiple case management conferences and failed to expand on the alleged basis for removal. The Court holds that due to Defendant's failure to respond or appear in any manner since the case was removed warrants remand to the Lee County Justice Court.

Also, jurisdiction is determined upon the face of the complaint, not the notice of removal. *Senatobia Housing Authority v. Phillips*, 2018 WL 3966981 (N.D. Miss. 2018) (citing *Gannett River States Pub. Corp. v. Mississippi State Univ.*, 945 F. Supp. 128, 130 (S.D. Miss. 1996)) ("[A] defendant cannot remove such a case to federal court unless the plaintiff's complaint establishes that the cause "arises under" federal law.") (citing *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847, 77 L.Ed. 2d 420 (1983)). The only potential basis for federal question jurisdiction exists in the notice of removal, thus further supporting this case being remanded to the Lee County Justice Court.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to remand [13] is GRANTED;

2. This case is REMANDED to the Lee County Justice Court; and

3. This case is CLOSED.

SO ORDERED, this the 24th day of January, 2023.

_____
SENIOR U.S. DISTRICT JUDGE